**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4008**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DENNIS A. DYKES,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, Senior District Judge. (8:07-cr-00299-RWT-2)

Submitted: September 7, 2018                     Decided: October 10, 2018

Before GREGORY, Chief Judge, DUNCAN, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Baltimore, Maryland, Meghan Skelton, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Robert K. Hur, United States Attorney, Baltimore, Maryland, Gregory Bernstein, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis A. Dykes was charged with violating various conditions of his supervised release. At a hearing at which Dykes admitted committing four of the violations,[*] the district court revoked release and sentenced him to 12 months in prison. Dykes appeals.

"We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)). The record establishes that Dykes was sentenced within the statutory maximum term of three years, *see* 18 U.S.C. §§ 3559(a)(2), 3583(e)(3), 21 U.S.C. § 841(b)(1)(B) (2012). The remaining question is whether the sentence is plainly unreasonable.

"When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). Only if we find a sentence to be unreasonable will we consider whether it is "plainly" so. *United States v. Crudup*, 461 F.3d at 440.

A revocation sentence is procedurally reasonable if the district court considered the Chapter Seven policy statement range and the applicable 18 U.S.C. § 3553(a) (2012) sentencing factors. *Id.* A revocation sentence is substantively reasonable if the court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Id.* "A court need not be as detailed or specific

---

[*] The United States dismissed three of the remaining violations, and the court deferred action on the eighth.

2

when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

We conclude that Dykes' sentence is procedurally reasonable. The district court considered relevant § 3553(a) factors, and the court was aware of Dykes' policy statement range of 6-12 months. Contrary to Dykes' claim, the district court acted properly when it considered the severity of Dykes' underlying offense in fashioning the revocation sentence. *See* 18 U.S.C. § 3583(e), 3553(a)(1) (2012); *United States v. Johnson,* 640 F.3d 195, 203-204 (6th Cir. 2011).

Further, we hold that the sentence is substantively reasonable. The court provided a sufficiently individualized assessment in fashioning the revocation sentence. The court was particularly concerned about the severity of Dykes' original offense, his breach of trust, and the danger he posed to the community. We find no merit to Dykes' contention that the district court based the revocation sentence on an unadjudicated criminal charge. The court specifically stated that it presumed that Dykes was innocent of that charge.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*